UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PLAINS MARKETING, L.P.,

                         Plaintiff,                                    **REPORT AND**
                                                                       **RECOMMENDATION**

          -against-                                                    10 CV 2032 (KAM)

DONIPHAN ENERGY, L.L.C. *doing*
*business as* HOMETOWN ENERGY,

                         Defendant.
--------------------------------------------------------X

On May 5, 2010, plaintiff Plains Marketing, L.P. filed this action alleging that defendant

Doniphan Energy, L.L.C., d/b/a Hometown Energy, had breached a contract involving the

purchase and sale of propane. Currently pending before this Court is plaintiff's motion for entry

of a default judgment based on defendant's failure to comply with various Court Orders,

including a failure to obtain counsel.

## FACTUAL BACKGROUND

Following the filing of the initial Complaint in May 2010, plaintiff filed an Amended

Complaint on September 3, 2010. Defendant interposed an Answer on December 17, 2010.

Following an unsuccessful attempt to settle the matter, this Court issued a scheduling Order on

April 1, 2011.

Thereafter, on April 20, 2011, Osman Dennis, Esq., of Axelrod, Fingerhut & Dennis,

filed a Motion to Withdraw as counsel for the defendant in this case. In his Motion to Withdraw,

counsel indicated that he had been retained by Max Hardy, a "Member of the Defendant." (Mot.

1

Withdraw[1] ¶ 2). However, on or about March 31, 2011, Mr. Hardy informed counsel that he was no longer affiliated with the defendant, giving counsel the name of a new contact person at the defendant company. (Id.) Despite counsel's efforts to contact the new representative, counsel indicated that he had not received any response to his inquiries and therefore was seeking to withdraw based on his client's failure to cooperate with him in the defense of the case. (Id.) Indeed, counsel noted that since he had not had any contact with the client, he was unable to comply with any of the Court's discovery orders. (Id. ¶ 4).

On May 31, 2011, the Court held a Hearing on counsel's Motion to Withdraw. The scheduling Order, issued April 22, 2011, Ordered a representative from the defendant to appear for the hearing and Ordered defendant's counsel to confirm that all necessary participants were made aware of this hearing. In compliance with that Order, Mr. Dennis wrote a letter to the Court on May 4, 2011, confirming that all necessary parties were aware of the hearing on May 31, 2011. Nevertheless, neither Mr. Dennis nor his client appeared on that date.

The Court rescheduled the hearing for June 17, 2011, reiterating the Order that a representative appear for the defendant. On June 14, 2011, Mr. Dennis again wrote a letter to the Court confirming that "all necessary parties had been made aware" of the rescheduled hearing on June 17, 2011. Mr. Dennis explained that he had sent an e-mail to his client, as well as letters, by certified mail, return receipt requested, to all known addresses for his client, but that he had not yet received a response confirming that his client would appear.

---

[1]Citations to "Mot. Withdraw" refer to the Declaration of Osman Dennis, filed on April 20, 2011.

No representative from the defendant corporation appeared for the hearing on June 17, 2011. As such, based on counsel's representations that he had made numerous unsuccessful attempts to contact a representative from the defendant corporation, the Court granted Mr. Dennis's Motion to Withdraw. The defendant corporation was Ordered to find new counsel in 30 days and was warned that because a corporation, such as the defendant, may not appear in federal court without counsel, the Court would recommend that a default enter if new counsel failed to file a Notice of Appearance on or before July 25, 2011.

Having heard nothing from the defendant by the July 25, 2011 deadline, the Court scheduled a status conference for August 30, 2011 at 2:30 p.m. When noone appeared for the defendant at the conference, plaintiff filed a motion for default judgment which was referred to the undersigned by Order of the district court dated September 7, 2011.

## DISCUSSION

A. Standards for Default Judgment

In determining whether a default judgment should enter, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance the interest in expediting cases with the court's responsibility to "[afford] litigants a reasonable chance to be

heard." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Id. Accordingly, the plaintiff is not entitled to a default judgment as a matter of right, simply because the defendants are in default. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (stating that courts are required to "supervise default judgments with extreme care to avoid miscarriages of justice," and ordering an inquest to determine damages).

The court possesses significant discretion and may consider a number of factors in deciding whether to grant a default judgment, including whether the grounds for default are clearly established and the amount of money potentially involved. See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *1-2 (S.D.N.Y. Oct. 19, 1992). Additionally, a court may consider whether the facts alleged in the complaint state a valid cause of action, see Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), whether material issues of fact remain, see United States v. Farese, No. 80 Cr. 63, 1987 WL 28830, at *1 n.2 (S.D.N.Y. Dec. 15, 1987), whether plaintiff has been substantially prejudiced by the delay involved, see Arthur F. Williams, Inc. v. Helbig, 208 F.R.D. 41, 48 (E.D.N.Y. 2002), and how harsh the effect of a default judgment might be on the defendant. Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 10A Federal Practice & Procedure, §§ 2685, 2688 (3d ed. 1998).

B. Application

In this case, defendant's counsel moved to withdraw because his client had refused to cooperate with him in defending the case. According to counsel, despite his efforts to contact his

4

client, defendant continued to ignore counsel's calls and emails. (Mot. Withdraw ¶ 2). Since defendant's counsel has been unable to reach his client, counsel was unable to respond to discovery requests and thus defendant has failed to comply with this Court's April 1, 2011 scheduling Order regarding discovery deadlines. (Id. ¶ 4). Indeed, it appears that defendant has wholly failed to participate in this action since Mr. Hardy became disassociated with the defendant in or about March 31, 2011.

Defendant has had a reasonable opportunity to defend this case, having participated from the commencement of the action until Mr. Hardy's membership in the defendant organization ceased in March 2011. See Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Moreover, the Court, in granting Mr. Dennis' motion to withdraw, issued a specific Order directing defendant to obtain new counsel on or before July 25, 2011. Not only did defendant fail to comply with that Order, but almost two additional months have passed with no Notice of Appearance being filed on defendant's behalf.

Given defendant's utter failure to defend this case for over five months, despite counsel's repeated good-faith attempts to contact his client and obtain cooperation, the grounds for default are abundantly clear. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *1-2.

## CONCLUSION

Given the defendant's continued failure to respond to Orders from this Court and the failure of the corporate defendant to obtain counsel, the Court respectfully recommends that a default be entered against the defendant and the case proceed to an inquest on damages if defendant does not contact the Court within fourteen (14) days of this Order, indicating an intent

to defend in this action.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
September 22, 2011

Cheryl L. Pollak
U.S. Magistrate Judge