UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PLAINS MARKETING, L.P.,

              *Plaintiff*,      **ORDER ADOPTING**
                                 **REPORT AND RECOMMENDATION**

  -against-
                                    10-CV-2032(KAM)(CLP)

DONIPHAN ENERGY, L.L.C. *doing
business as* HOMETOWN ENERGY,

              *Respondent*.
----------------------------------X

**MATSUMOTO, United States District Judge:**

      On May 5, 2010, plaintiff Plains Marketing, L.P. ("plaintiff") filed this action alleging that defendant Doniphan Energy, L.L.C., d/b/a Hometown Energy, had breached a contract involving the purchase and sale of propane. On September 23, 2011, Magistrate Judge Cheryl L. Pollak entered a Report and Recommendation recommending that default be entered against defendant. (*See* ECF No. 28, Report and Recommendation, filed 9/23/2011.)

      Notice of Magistrate Judge Pollak's Report and Recommendation was sent electronically to all parties appearing on the docket via the court's electronic filing system on September 23, 2011. The court mailed a copy of the Report and Recommendation to defendant's last known address on September 23, 2011. As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation

were to be filed within 14 days of receipt of the Report and Recommendation. (*See id.* at 6.)

On October 11, 2011, the copy of the Report and Recommendation mailed to defendant was returned to the Court with a notation that that it was "refused" and "unable to forward." (ECF No. 29, Mail Returned as Undeliverable.) The statutory period for filing objections has expired, and defendant has neither filed any objections to Magistrate Judge Pollak's Report and Recommendation nor provided a change of address to the court.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Further, when a party changes addresses, it is his obligation to notify the court of his new address. *See Concepcion v. Ross*, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This rule applies to not only to represented parties but also to *pro se* litigants. *See id.; see*

*also Handlin v. Garvey*, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all *pro se* plaintiffs"). The record is devoid of any forwarding address for the defendant.

Upon review of the record before the court and Magistrate Judge Pollak's Report and Recommendation, the court finds that there is no clear error in the Report and Recommendation and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. Accordingly, plaintiff's motion for entry of default is granted. The Clerk of Court is directed to enter the defendant's default pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1.

**SO ORDERED.**

Dated:   October 19, 2011
         Brooklyn, New York

                                                  /s/
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York