```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X
PLAINS MARKETING, L.P.,

                    Plaintiff,                ORDER ADOPTING IN PART
                                              AND MODIFYING IN PART
     -against-                                REPORT AND
                                              RECOMMENDATION
DONIPHAN ENERGY, L.L.C., doing business
as HOMETOWN ENERGY,                           10-CV-2032(KAM)(CLP)

                    Defendant.
---------------------------------------- X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plains Marketing, L.P. ("plaintiff") commenced this action against Doniphan Energy, L.L.C. d/b/a Hometown Energy ("defendant") alleging claims for breach of contract and account stated. (*See generally* ECF No. 3, Amended Complaint, filed 9/3/2010 ("Compl.").) Although defendant initially appeared by counsel and filed an Answer in this case, defendant subsequently ceased all contact with its counsel, plaintiff, and the court.

Presently before the court is a Report and Recommendation issued by Magistrate Judge Cheryl L. Pollak on February 28, 2012, recommending that this court enter a default judgment against defendant and award plaintiff damages in the amount of (1) $246,569.40 for product received but not paid for; (2) $409,799.55 for losses for product that was sold at market price; (3) $123,201.54 in storage and carrying charges; and (4) statutory prejudgment interest under New York law at a rate of nine percent per annum from the date of defendant's last payment,

January 27, 2010, through the date of entry of judgment.[1]  (ECF No. 36, Report and Recommendation dated 2/28/2012 ("R&R"), at 17.)

A notation on the docket reflects that on March 14, 2012, the court sent a copy of the Report and Recommendation via overnight mail to defendant at its last known address, as well as at its principal place of business listed in the Complaint. (Docket Entry dated 3/14/2012.)  As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within 14 days of receipt of the Report and Recommendation.  (ECF No. 14, R&R, at 14.)  On March 21, 2012, the package containing the Report and Recommendation sent by the court to defendant at its last known address was returned as undeliverable with the notation, "Refused by recipient, didn't want package."  (ECF No. 38, Docket Entry dated 3/21/2012.)  On the same date, a similar package sent by the court to defendant at its principal place of business listed in the Complaint was returned as undeliverable with the notation, "Refused."  (ECF No. 39, Docket Entry dated 3/21/2012.)  The

---

[1] Although the Amended Complaint sought attorneys' fees (see ECF No. 3, Compl. ¶¶ 8, 10, 14, 21), the Report and Recommendation notes that plaintiff does not include such fees in its calculation of damages and therefore does not recommend awarding such fees (ECF No. 36, R&R at 3 n.2).  As plaintiff has not satisfied its burden of establishing that it is entitled to attorneys' fees, none will be awarded at this time.  See Savoie v. Merchants Bank, 166 F.3d 456, 463 (2d Cir. 1999) (noting that "the party seeking [attorneys'] fees . . . . [bears] the burden of 'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" (quoting Cruz v. Local Union Number 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994)).

period for filing objections has expired, and no objections to Magistrate Judge Levy's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the Report and Recommendation, and considering that defendant has failed to object to any of Magistrate Judge Pollak's thorough and well-reasoned recommendations, this court hereby affirms and adopts the Report and Recommendation with the following modifications.

The court acknowledges that the parties agreed in their contract that New York law would govern where, as here, the custody transfer of the product from the seller to the buyer occurred in the United States.  (*See* ECF No. 33-1, Plains Marketing Canada, L.P. General Terms and Conditions for Liquid Petroleum Gas, Natural Gas Condensate, and Natural Gasoline, dated Jan. 1, 2009 ("Terms and Conditions"), ¶ 16.1.)  Although

3

plaintiff seeks statutory prejudgment interest under New York law at a rate of nine percent per annum (ECF No. 33, Affidavit [of Steven A. Kaplan] in Support of Damage Award, filed 11/21/2011 ("Kaplan Aff.") ¶ 12), the court finds that plaintiff has not met its burden of establishing its entitlement to prejudgment interest at that rate. "Even after a defendant has defaulted, a plaintiff must establish that [under] the law it is entitled to the relief it seeks, given the facts as established by the default." *Masino v. LNV & J Inc.*, No. 11-CV-671, 2011 U.S. Dist. LEXIS 116715, at *2 (E.D.N.Y. Sept. 9, 2011) (alterations, quotation marks, and citation omitted), *adopted by*, 2011 U.S. Dist. LEXIS 110822 (E.D.N.Y. Sept. 28, 2011). The burden is on the plaintiff to establish its entitlement to recovery. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Under New York law, prejudgment interest is typically recoverable, as a matter of right, in an action for breach of contract. *Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998) (citing *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir. 1984)); *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 93 (2d Cir. 2000) ("[S]ection 5001 [of the N.Y. C.P.L.R.] imposes an affirmative mandate on trial courts; they have no discretion not to award prejudgment interest under New York law."); *see also* N.Y. C.P.L.R. § 5001(a) ("Interest shall be recovered upon a sum

4

awarded because of a breach of performance of a contract"). N.Y. C.P.L.R. section 5004 provides that the rate of interest "shall be 9 per centum per annum, except where otherwise provided by statute." However, parties may agree by contract to a different rate of interest than that provided for in section 5004. See *Astoria Fed. Sav. & Loan Ass'n v. Rambalakos*, 372 N.Y.S.2d 689, 690 (N.Y. App. Div. 2d Dep't 1975) (holding that "the contract rate, rather than the statutory rate, governs the rate of interest after maturity and before judgment"); *Neura Commc'ns, Inc. v. Telron Commc'ns USA, Inc.*, No. 00-CV-9167, 2002 U.S. Dist. LEXIS 26249, at *8 (S.D.N.Y. Nov. 15, 2002) ("If the contract provides a rate at which interest is to be calculated, then the contractual rate, rather than the statutory rate of nine percent per year as set forth in [N.Y. C.P.L.R.] Section 5004, governs.").

Here, the parties agreed by contract that interest for unpaid amounts would accrue at an annual rate of the lesser of "(a) four percentage points above the annual rate of interest published by Bank of Nova Scotia from time to time as its prime rate of interest, and (b) the maximum rate of interest allowed by Laws and Regulations." (ECF No. 33-1, Terms and Conditions ¶ 7.2.1.) Based on the record, the court lacks any basis on which to ascertain which of the two alternative interest rates is the lesser one. Plaintiff has been afforded ample opportunity to

5

provide support for its requested damages, including by filing affidavits and other documentation, as well as by presenting testimony during a damages inquest hearing.  Because plaintiff has failed to meet its burden of establishing its entitlement to the prejudgment interest rate sought, the court declines to award prejudgment interest.

      Plaintiff will, however, be entitled to post-judgment interest at the rate prescribed by law, accruing from the date of entry of judgment until the date the judgment is paid in full. *See* 28 U.S.C. § 1961.

## CONCLUSION

Accordingly, Magistrate Judge Pollak's Report and Recommendation is adopted with the above-noted modifications. Plaintiff's motion for default judgment is granted, and plaintiff is awarded (1) $246,569.40 for product received but not paid for; (2) $409,799.55 for losses for product that was sold at market price; (3) $123,201.54 in storage and carrying charges; and (4) post-judgment interest at the rate prescribed by law from the date of entry of judgment. The Clerk of the Court is respectfully requested to enter judgment in favor of plaintiff in the amount specified and to close the case. Plaintiff shall serve a copy of this Memorandum and Order upon defendant and file a certificate of service by April 2, 2012.

**SO ORDERED.**

Dated:   March 30, 2012
         Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge
                                    Eastern District of New York

7